CARLSMITH BALL LLP

JOHN D. OSBORN
VINCENT J. SEMAN
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Naina Enterprises (CNMI) Inc.
dba Alson's Store

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MODESTA MANGLONA NADAR,<br><br>  Plaintiff,<br><br>vs.<br><br>NAINA ENTERPRISES (CNMI) INC. dba ALSON'S STORE,<br><br>  Defendant. | CIVIL ACTION NO. 07-0024<br><br>DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6); DECLARATION OF HARESH DARYANANI; EXHIBITS 1-3<br><br>Date:     June 19, 2008<br>Time:    8:30 a.m<br>Judge:  Hon. Alex R. Munson |

Comes now Defendant Naina Enterprises (CNMI) Inc. dba Alson's Store ("Defendant") and hereby files its Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6).

This motion is supported by the Memorandum of Points and Authorities, Declarations and Exhibits attached hereto, the pleadings filed herein and such argument and evidence as may be presented at the hearing of the Motion.

///

///

///

///

4834-5503-5650.1.057606-00047

|    |                                      |                                                                                                                                                          |
|----|--------------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  |                                      | Respectfully submitted,                                                                                                                                  |
| 2  |                                      | CARLSMITH BALL LLP                                                                                                                                       |
| 3  |                                      |                                                                                                                                                          |
| 4  | DATED: Saipan, MP, May 12, 2008.     | /s/ *Vincent J. Seman*                                                                                                                                   |
| 5  |                                      | VINCENT J. SEMAN  <br>JOHN D. OSBORN                                                                                                                     |
| 6  |                                      | Attorneys for Defendant  <br>Naina Enterprises (CNMI) Inc.  <br>dba Alson's Store                                                                        |
| 7  |                                      |                                                                                                                                                          |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Defendant owns and operates Alson's Store on the island of Rota. On or about July 7, 2005, Plaintiff Modesta M. Nadar ("Plaintiff") entered Alson's Store through Alson's Store's main entrance. Attached hereto marked as Exhibit 1 is a photograph of the exterior of the main entrance to Alson's Store in substantially the condition as it would have been when Plaintiff entered it on July 7, 2005. As Plaintiff was exiting Alson's Store, she allegedly slipped outside Alson's Store and allegedly sustained injuries which form the basis of her lawsuit against Defendant (the "incident"). After Plaintiff's incident, but prior to Plaintiff filing her complaint, Defendant constructed a ramp in compliance with the Americans with Disabilities Act (the "ADA"). Attached hereto marked as Exhibit 2 is a photograph of the exterior of the main entrance to Alson's Store which depicts the ramp that was constructed after the incident but prior to Plaintiff filing this lawsuit. On June 15, 2007, Plaintiff filed her Complaint (the "Complaint") alleging a cause of action for violation of the ADA and cause of action for negligence. Defendants bring forth this Motion to Dismiss Plaintiff's First Cause of Action for violation of the ADA.

### II. LEGAL STANDARD UNDER F.R.C.P. 12(b)(6)

Under Federal Rules of Civil Procedure 12(b)(6), a party may move for an order dismissing a claim "for failure to state a claim upon which relief can be granted." A dismissal under F.R.C.P. 12(b)(6) is proper when there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990). In appraising the sufficiency of a cause of action, the accepted rule is that a Complaint should be dismissed for failure to state a claim if the party can prove no set of facts in support of the claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 785 Ct. 102 (1957).

### III. FAILURE TO ALLEGE FACTS IS GROUNDS FOR DISMISSAL

It is well settled that a party must allege and show some basic elements to maintain a cause of action and mere conclusory statements are insufficient to withstand a motion to dismiss under Rule 12(b)(6):

> Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. (citation omitted.) *In Re VeriFone Securities Litigation*, 11 F.3d 865, 868 (C.A. Cal., 1993)

Citing *VeriFone* in part, the Court in *Carpenter v. The City of Snohomish*, 2007 WL 1742161, 3 (W.D. Wash.) said:

> To state a claim, a Plaintiff must sufficiently allege all elements of the claim. Dismissal is warranted "only if it appears to a certainty that [the pleading parties] would be entitled to no relief under any state of facts that could be proved." (citation omitted.) Despite the liberal standard, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat" dismissal for failure to state a claim. (citation omitted.)

#### A. Only injunctive relief available for the violation of ADA claim.

Damages and are not recoverable under Title III of the ADA as only injunctive relief and attorney fees are available remedies for violations of the ADA. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); *see* 42 U.S.C.A. § 12205.

Plaintiff has failed to plead sufficient facts to support her claim that Defendant violated the ADA. In her first cause of action, Plaintiff alleges that "Naina Enterprises has not eliminated physical barriers that prevent persons who use wheelchairs from entering [Alson's Store]. *See* Plaintiff's Complaint at ¶ 21. Plaintiff also alleges that "Naina Enterprises failed to take measures to provide access to [Alson's Store] such as widening doors and installing ramps." *See* Plaintiff's Complaint at ¶ 26. However, contrary to Plaintiff's allegations, Defendant has eliminated such physical barriers that prevent persons who use wheelchairs from entering Alson's Store prior to Plaintiff filing her Complaint. As more fully addressed below, not only is Plaintiff not entitled to injunctive relief, Defendant should be entitled to attorney fees if this

Court dismisses Plaintiff's first cause of action as such cause of action is groundless and without foundation.

### B. Plaintiff has not alleged an actual case or controversy with respect to Plaintiff's first cause of action for violation of the American's with Disabilities Act.

In order to obtain injunctive relief, a plaintiff must first show that he has alleged an actual case or controversy in accordance with Article III of the Constitution. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02, 103 S.Ct. 1660, 1665 (1983). In order to allege an actual case or controversy, a plaintiff must demonstrate (1) a personal stake in the outcome in order to assure concrete adverseness necessary for the proper resolution of constitutional questions, (2) that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct, and (3) a real and immediate injury or threat of injury, and not conjectural or hypothetical. *Lyons*, 461 U.S. at 101-02, 103 S.Ct. at 1665.

In order to obtain injunctive relief under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if [injunctive] relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). *Natural Resources Defense Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007).

Defendant asserts that Plaintiff is unable to demonstrate a real and immediate injury or threat of injury. Although it may be claimed that plaintiff had actually suffered from an alleged past unlawful conduct, past exposure to such unlawful conduct does not in itself prove a present case or controversy regarding injunctive relief *if unaccompanied by any continuing, present injury*. *Lyons*, 461 U.S. at 102, 103 S.Ct. at 1665 (emphasis added). No real and immediate injury or threat of injury exists to sustain Plaintiff's basis for injunctive relief.

Moreover, Defendant asserts that Plaintiff is unable to demonstrate that Plaintiff will

suffer irreparable injury if injunctive relief is not granted. Again, the purpose of the injunctive relief is to require Defendant to remove the physical barriers that prevent persons who use wheelchairs from entering Alson's Store. The object and purpose of the injunctive relief has already been undertaken by Defendant when such physical barriers were removed *prior* to Plaintiff filing her Complaint.

As noted above, Defendant has eliminated such physical barriers that prevent persons who use wheelchairs from entering Alson's Store *prior* to Plaintiff filing her Complaint. First, Plaintiff assumes without alleging to have taken actual measurements, that the width of the door is noncompliant with the ADA. Under the ADA, a main entrance shall have a minimum clear opening of 32 inches with the door open 90 degrees, measured between the face of the door and the opposite stop. *See* ADA Accessibility Guidelines for Buildings and Facilities, Section 4.13. Defendant asserts that the width of Alson Store's main entrance has a minimum clear opening of 32 inches (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop.

Further, Defendant installed a ramp and additional space in front of the main entrance for wheelchairs to maneuver. According to Northern Marianas Protection and Advocacy Systems, Inc. ("NMPASI"), Alson's Store meets the requirements of the ADA Accessibility Guidelines. Attached hereto marked as Exhibit 3 is a copy of letter from NMPASI dated May 2, 2006 acknowledging Defendant' compliance. Having removed such physical barriers removes any grounds for justifying injunctive relief.

C. <u>Attorney fees available for prevailing Defendant</u>.

Not only may attorney fees be available to the prevailing party, successful defendants are entitled to attorney fees if the action is found to be "groundless or without foundation". *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978). Jurisdiction

ordinarily depends upon facts as they exist when the complaint is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569-71, 112 S.Ct. 2130, 2141-42 (1992).

Plaintiff did not file her Complaint until June 15, 2007, well over one (1) year after Defendant installed the ramp and allocated additional space in the parking area for wheelchairs to maneuver. Based on Plaintiff's allegations regarding the violation of the ADA with regard to the entrance ramp, accessible parking and door width, it is obvious that Plaintiff made no attempt to determine Defendant's compliance with readily achievable architectural barrier removal prior to filing the Compliant.

It is apparent from Plaintiff's Complaint that neither Plaintiff nor her counsel took any reasonable steps to investigate whether there was indeed a ground or foundation for stating her first cause of action for violation of the ADA. *See* Plaintiff's Complaint at ¶ 26 (Defendant failed to "widen doors and install ramps"). Regardless of whether Alson's Store did or did not have a ramp when Plaintiff allegedly injured herself, Alson's Store did have a ramp when Plaintiff's Complaint was filed. The main entrance door width was ADA compliant at the time the Complaint was filed. The handicap parking issue was also resolved before the Complaint was filed. Yet, Plaintiff proceeded with alleging a violation of the ADA in spite of the facts that existed at the time of filing the Complaint. With the ADA deficiencies cited in the Complaint that may have existed on July 7, 2005 having been corrected, there is no basis for the Court to order injunctive relief and thus Plaintiff's First Cause of Action for violation of the ADA fails to state a claim upon which relief can be granted. Therefore, Plaintiff's First Cause of Action for violation of the ADA should be dismissed. Moreover, the Court should grant Defendant attorney fees as Plaintiff had no ground or basis for asserting her First Cause of Action for violation of the ADA.

## IV.    CONCLUSION

Plaintiff's alleges Defendant is in violation of the ADA on the ground that Alson's Store's

entrance does not have a ramp, that the entrance door is not sufficiently wide and that Defendant did not designate a handicap parking space. Yet prior to the filing of the Complaint, Defendant took appropriate steps to comply with the ADA by removing such physical barriers through the installation of a ramp and allocating a space of handicap parking while maintaining that the entrance door is sufficiently wide. As such, Plaintiff has failed to allege facts sufficient to support a claim of a violation of the ADA. Based on the arguments and authorities presented in this Opposition, Defendant respectfully requests the Court to dismiss Plaintiff's First Cause of Action and find that Defendant did not violate the American with Disabilities Act. Should the Court dismiss Plaintiff's First Cause of Action, Defendant further requests that the Court award Defendant attorneys fees as a prevailing party on this claim.

CARLSMITH BALL LLP

DATED: Saipan, MP, May 12, 2008.

/s/ *Vincent J. Seman*
VINCENT J. SEMAN
JOHN D. OSBORN
Attorneys for Defendant
Naina Enterprises (CNMI) Inc.
dba Alson's Store









EXHIBIT 2



# NMPASI

## NORTHERN MARIANAS PROTECTION & ADVOCACY SYSTEMS, INC.

P.O. Box 503529, Saipan, MP 96950-3529 Tel. Nos.: (670) 235-7273/74 • TTY: (670) 235-7278 • Fax (670) 235-7275

2 May 2006

Mike Daryanan
Owner
Alson's Store
PO Box 1255
Rota, MP 96951

Mailed out: 5/3/06

Dear Mr. Daryanan,

The Northern Marianas Protection & Advocacy Systems, Inc. is currently representing a resident from Rota, who has experienced issues regarding the physical accessibility of your business.

We are pleased to inform you that your business establishment meets the requirements of the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

We thank you for your commitment in ensuring that our island community is accessible for everyone.

Please contact Greg Borja at any of the above numbers should you have any needs or concerns in the future, we are here to help.

Sincerely,

Juanita Melono
Executive Director

X1c: File

*"The Protection and Advocacy System for the Commonwealth of the Northern Mariana Islands"*

Greg Borja - Projects Specialist
cc: File



EXHIBIT 3

*"The Protection and Advocacy System for the Commonwealth of the Northern Mariana Islands"*