ERIC S. SMITH, Esq.
SMITH & WILLIAMS
P.O. Box 5133 CHRB
Saipan, MP 96950
Telephone No. (670) 233-3334/5
Facsimile No. (670) 233-3336

Attorneys for Plaintiff Modesta Manglona Nadar

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MODESTA MANGLONA NADAR, | CIVIL CASE NO. 07-0024 |
| Plaintiff, | |
| vs. | AMENDED COMPLAINT |
| NAINA ENTERPRISES (CNMI) INC. dba ALSON'S STORE, | |
| Defendant. | |

Plaintiff Modesta Manglona Nadar, by and through counsel, and hereby alleges, as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to hear and determine this claim based upon claims of diversity jurisdiction under 28 U.S.C. Section 1332 as this matter involves citizens of different states and the matter at issue is more than $75,000.00  The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.  Venue is proper in this Court under 28 U.S.C. §1391(a).  The Defendant transacted its affairs in the CNMI.  Additionally the facts giving rise to this lawsuit occurred within this District.

1

**Exhibit "A"**

## PARTIES

3. Plaintiff Modesta Manglona Nadar ("Mrs. Nadar") is an individual and a citizen of the United States of America, and a resident of Guam.

4. Defendant Naina Enterprises (CNMI), Inc., ("Naina Enterprises"), on information and belief, is a domestic corporation doing business in the Commonwealth of the Northern Mariana Islands. At all times relevant to this complaint, Naina Enterprises operated the Alson's Store located in Rota, CNMI and owned the ground lease upon which the store is built.

## FACTS

5. Mrs. Nadar is a 42 year old individual with a disability. She had a brain aneurysm and suffers from seizures that substantially limit her major life activities. She uses a wheelchair for mobility. She has the ability to leave the wheelchair to access facilities inaccessible to a wheelchair by using a cane.

6. On or about July 7, 2005, Mrs. Nadar went to the Alson's Store owned by Naina Enterprises to make a purchase. She tried to use a wheelchair. However, the entrance to the store was 3 steps up and her wheelchair could not fit at the entrance.

7. Mrs. Nadar then stood up from her wheelchair and entered the store by foot using her cane. After she finished her business at the store, she started to leave. As she took her first step down the steps, her cane got stuck by the doorway. She had nothing to hold on and she fell.

8. Mrs. Nadar was transported to the Rota Health Center by ambulance where she was examined and treated.

9. The fall caused Mrs. Nadar to suffer severe injuries, including, without limitation, a broken arm and severe pain. Mrs. Nadar also suffered and continues to suffer tremendous mental pain and anguish.

10. Mrs. Nadar's injuries required physical therapy and medical attention for several months.

11. Naina Enterprises has not eliminated physical barriers that prevent persons who use wheelchairs from entering this establishment.

12. Alson's Store is a place of public accommodation under the ADA (42 U.S.C. § 12181 (7)) and affects commerce.

13. Naina Enterprises operates and/or leases a place of public accommodation as defined by the ADA and is thus subject to the anti-discrimination provisions. (42 U.S.C. § 12182 (a))

14. Pursuant to the ADA (42 U.S.C. § 12182 (b)(2)(A)(iv)), and the federal regulations promulgated pursuant to the ADA, Naina Enterprises was required to make its building accessible.

15. Naina Enterprises failed to provide access to its place of public accommodation from public sidewalks or parking. These include measures such as installing an entrance ramp, widening entrances, and providing accessible parking spaces. 28 CFR §36.304.

16.     Naina Enterprises failed to take measures to provide access to those areas where goods and services are made available to the public such as widening doors and installing ramps. 28 CFR §36.304.

17.     By failing to remove architectural barriers in its existing facilities, where such removal is readily achievable, Naina Enterprises failed to make its premises safe and accessible. Removal of barriers include such measures, but are not limited to, installing ramps, widening doors, installing offset hinges to widen doorways, or providing an alternative accessible path. 28 CFR §36.304.

**FIRST CAUSE OF ACTION**
**(Negligence)**

28.     Plaintiff repeats and realleges, and incorporates herein by reference, each and every allegation contained in the preceding paragraphs.

29.     Naina Enterprises had a duty to maintain its premises in a reasonably safe condition that would allow people including, without limitation, customers and other invitees to safely walk into and out of the premises of the store.

30.     Naina Enterprises breached this duty by, inter alia:

   a)     Negligently and carelessly failing to be compliant with the American with Disabilities Act as to its entrance/exit way and failing to eliminate physical barriers that prevent persons who use wheelchairs from entering this establishment, failing to install appropriate hand rails and/or other appropriate safety devices for its entrance steps;

   b) Failing to warn Plaintiff of the danger presented by the unsafe condition of the entrance steps;

   c) Failing to install a nonslip surface on the entrance steps; and/or

   d) Failing to clean, dry and/or otherwise maintain the entrance steps in a reasonably safe condition.

31. Naina Enterprises also failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

32. Naina Enterprises' breach of the duty owed to Mrs. Nadar caused the entrance steps to be unreasonably dangerous for her use.

33. As a direct and proximate result of the negligence of Naina Enterprises as set forth above, Mrs. Nadar slipped and fell while descending the entrance steps.

34. As a further direct and proximate result of the negligence of Naina Enterprises as set forth above, Mrs. Nadar was severely injured and her general health impaired. The injuries caused by the fall caused Mrs. Nadar to suffer tremendous mental pain and anguish.

35. As a further result of Mrs. Nadar's injuries, she has been and is now and will be in the future prevented from participating in and enjoying the normal pleasures of life to which she was formerly accustomed. Moreover, Mrs. Nadar presently and in the future will continue to suffer physical pain and mental anguish and will continue to incur medical, hospital and related expenses.

36. Accordingly, Mrs. Nadar has sustained and incurred damages in an amount according to proof at trial.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For general and special damages in an amount to be proven at trial.
2. For a interest as allowed by law.
3. For costs of suit.
4. For such other and further relief as the Court may deem appropriate.

Dated: May 28, 2008.

                                  SMITH & WILLIAMS
                                  Attorneys for Plaintiff Modesta M. Nadar

                                By: /s/ _____
                                     Eric S. Smith

3332-01-080519-PL-AmendedComplaint-SW-mbc